MARY E. DARRIN and others *against* JESSE K. HATFIELD and another, and CHARLES SHIELDS.

*Bill to cancel mortgage ; notice of lis pendens ; title of purchaser.*

THE bill in this cause was filed in 1844, in the name of Mary E. Darrin and others, infants, by John K. Darrin, their father, as next friend, against Hatfield, to cancel a mortgage held by him upon lands which descended to the plaintiffs from their mother, on the ground that the mortgage had been improperly obtained. The answer

denied the equity of the bill, alleged that the mortgage was valid, and prayed a foreclosure. A decree was made in 1850, in accordance with *the prayer of the answer*, directing a sale of the mortgaged premises, to satisfy the mortgage, in case the infants did not pay the amount, within sixty days after the filing of the report, of the amount due thereon. The premises were sold in pursuance of the decree, and Charles Shields became the purchaser at $3,000, and paid ten per cent. of the amount. He afterwards petitioned to be released from his purchase, on the ground that a good title could not be made. The only specific defect pointed out was, that no notice of the pendency of the suit had been filed.

*Held*, that the father of the infant plaintiffs had an interest in the mortgaged premises, as tenant by the curtesy, which was not cut off by the sale, and that the purchaser therefore could not obtain a good title.

That the fact of the father acting as next friend of the infants did not make him a party to the decree, so as to affect his individual rights.

The petitioner having alleged that he could not obtain good title, was not confined to the specific defect pointed out in the petition, but had a right to avail himself of any defect of title which the papers disclosed.

These conclusions rendered it unnecessary to decide whether the decree of foreclosure made in favor of the defendant, in pursuance of a prayer in his answer to a bill filed in behalf of infants by their next friend, was or was not void, as against them.

(See 4 Sandf. 468, S. C.)